# United States District Court

## WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

V.

**QUANTEZ PETEZ PHILLIPS**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:06-MJ-7

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant was apprehended with a loaded .9 mm Glock handgun in his waistband, and both cocaine and crack cocaine on his person, as well as $5,700 in cash. Defendant has used three aliases, Defendant has failed to appear for court proceedings on April 30, 2001, May 23, 2001, September 5, 2001, October 23, 2001, December 2, 2002, December 20, 2002, July 24, 2003, June 25, 2004, July 6, 2004, and July 22, 2004. He has been charged with providing false information to the police on approximately 9 occasions, although these charges are usually declared nolle pros in favor of other offenses. Defendant is unemployed. His only living parent is in the Michigan Department of (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that there is no condition or combination of conditions that will assure the presence of the defendant or the safety of the communit based upon the unrebutted presumption. Independently of that, the court finds by a preponderance of the evidence that there are no conditions that will assure his appearance in court, in light of his numerous failures to appear for other court proceedings, and his overall disregard for law enforcement as evidenced by his (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: March 23, 2006

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Quantez Petez Phillips
1:06-MJ-7
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

> Corrections, and he states he has been residing with his grandmother for the past year and a half, although he was unable to provide a telephone number at the residence.

**Part II - Written Statement of Reasons for Detention** - (continued)

> lengthy criminal record including numerous charges of driving while license suspended and giving false information to the police.